UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VICTORIA'S SECRET & CO.**,

        **Plaintiff**,

   v.                                          Civil Action 2:24-cv-3758
                                                  Judge Edmund A. Sargus, Jr.
                                                  Magistrate Judge Chelsey M. Vascura

**WHOLESALE AND BEAUTY LLC**, *et al.*,

        **Defendants**.

## OPINION AND ORDER

Plaintiff, Victoria's Secret & Co., sues Defendants, Wholesale and Beauty LLC and Yisenni Garcia Colon, for trademark infringement and unfair competition. (Compl., ECF No. 1.) Defendants counterclaim for violation of New Jersey and Ohio trade practice statutes as well as defamation and fraud. (Countercl., ECF No. 10.) Plaintiff moved to dismiss Defendants' counterclaim (ECF No. 15), and Defendants now seek leave to amend their counterclaim to remedy deficiencies identified in Plaintiff's motion to dismiss. For the reasons below, Defendants' Motion for Leave to Amend Defendants' Counterclaim (ECF No. 32) is **GRANTED**.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts

interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits") (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). "Nevertheless, leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (cleaned up). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Under these standards, permitting amendment is appropriate. First, Defendants did not unduly delay in seeking amendment. They have not sought "serial amendments," as (mis)characterized by Plaintiff (Mem. in Opp'n 16, ECF No. 37), or unreasonably caused "the case to be slowed down" by seeking amendment at this time (*id.*). Defendants filed their motion prior to the parties' agreed deadline of February 5, 2025, for motions to amend the pleadings (*see* Rule 26(f) Report, ECF No. 19), and all extensions of time to respond to Plaintiff's Motion to Dismiss were agreed to by Plaintiff (*see* unopposed motions at ECF Nos. 18, 27, 30). Plaintiff also sought and obtained its own extension of time to respond to Defendants' Motion for Leave to Amend. (ECF Nos. 33–34.) Any assertion that Plaintiff is being harmed by the delay in resolving its Motion to Dismiss is belied by Plaintiff's lack of opposition to these extensions.

Nor can the undersigned discern any other prejudice to Plaintiff as a result of permitting the amendment. Contrary to Plaintiff's argument, Plaintiff's expense incurred in briefing the deficiencies in Defendants' counterclaim for a second time is not unduly prejudicial. Indeed, the Federal Rules of Civil Procedure expressly contemplate pleading amendments after a motion to

2

dismiss under Rule 12. *See* Fed. R. Civ. P. 15(a)(1)(B). A finding of prejudice arising from re-briefing a motion to dismiss would be inconsistent with this rule.

Plaintiff's remaining arguments rest on the futility of Defendants' proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed [pleading] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Defendants to amend their Counterclaim with the understanding that Plaintiff is free to challenge the claims against it through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

For these reasons, Defendants' Motion for Leave to Amend Defendants' Counterclaim (ECF No. 32) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Defendants' Amended Answer and Counterclaim, attached to their Motion as Exhibit 1 (ECF No. 32-1).

3

Plaintiff's Motion to Dismiss Defendants' Counterclaims (ECF No. 15) is **TERMINATED AS MOOT** in light of Defendants' Amended Counterclaim.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE